Citation Nr: 1829789 
Decision Date: 08/09/18 Archive Date: 08/17/18

DOCKET NO. 12-30 599A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for depression, including as secondary to service-connected headaches.

2. Entitlement to a compensable rating for service-connected headaches.

3. Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: Stacey P. Clark, Attorney 


ATTORNEY FOR THE BOARD

S. Schick, Associate Counsel
INTRODUCTION

The Veteran served on active duty from October 1979 to November 1981.

This appeal comes to the Board of Veterans' Appeals (Board) from January 2013 and August 2013 rating decisions by a Department of Veterans Affairs (VA) Regional Office (RO).

In September 2013, the Veteran filed a timely notice of disagreement (NOD) with respect to an August 2013 rating decision, which denied a claim to reopen service connection for depression. In the July 2016 Board remand, the Board took jurisdiction of the issue and remanded it for issuance of a statement of the case (SOC). See 38 C.F.R. § 19.9(c) (2017); see also Manlincon v. West, 12 Vet. App. 238 (1999). For the reasons discussed below, the matter is again remanded for issuance of a SOC. 

The Board takes jurisdiction over the Veteran's claim for TDIU under Rice, which found that where a claimant, or the record, raises the question of unemployability due to the disability for which an increased rating is sought, part of the claim for increased compensation is an implied claim for TDIU. Rice v. Shinseki, 22 Vet. App. 447 (2009).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.
 

REMAND
Depression 

In September 2013, the Veteran filed a timely NOD with respect to an August 2013 rating decision, which denied a claim to reopen service connection for depression. In the July 2016 Board remand, the Board took jurisdiction of the issue and remanded it for issuance of a SOC. See 38 C.F.R. § 19.9(c) (2017); see also Manlincon v. West, 12 Vet. App. 238 (1999). Thereafter, the AOJ issued a February 2018 supplemental statement of the case (SSOC). However, by issuing a SSOC instead of a SOC, the AOJ did not comply with the Board's directive, thereby circumventing appellate requirements. Therefore, a remand is required to have the RO issue a SOC. See June 2018 Third Party Correspondence. 

Headaches

The evidence suggests a material worsening of the Veteran's headache symptoms since his last VA examination in May 2017; therefore, new examination to determine the current severity of the Veteran's headaches is needed. See 38 C.F.R. §§ 3.326, 3.327; Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). In this regard, it is noted that since the May 2017 VA examination, subsequent evidence reveals that the Veteran has been prescribed Botox injection treatments for his headaches beginning in April 2018. See June 2018 Correspondence; April 2018 VA primary care note; May 2018 prescription medications list. 

TDIU

As the Veteran's claim for TDIU is inextricably intertwined with the current increased rating claim, the Board also remands the claim of entitlement to TDIU.

Accordingly, the case is REMANDED for the following action:

1. Issue a SOC addressing the issue of whether new and material evidence has been received to reopen a claim of entitlement to service connection for depression, including as secondary to service-connected headaches. If the Veteran appeals, return the claim to the Board

2. Obtain updated VA treatment records and associate them with the claims file. 

2. Then, schedule the Veteran for an appropriate VA examination to determine the current severity of the Veteran's headaches. The claims folder should be made available to the examiner for review in connection with the examination and the examiner should acknowledge such review in the examination report. All indicated tests should be conducted. All symptoms of the Veteran's headaches should be identified and all clinical findings should be reported in detail to include the functional impact in consideration of both medical and lay evidence. 

3. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claims. If any benefit sought on appeal is not granted, the Veteran and his representative should be provided with a supplemental statement of the case and appropriate period of time to respond. Then, the case should then be returned to the Board, if otherwise in order.

The Veteran and his representative have the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).





______________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).